# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# PADUCAH DIVISION

ALLEN WILEY                                                                                         PLAINTIFF

v.                                                  CIVIL ACTION NO. 5:18-CV-P183-TBR

KENTUCKY STATE PENITENTIARY *et al.*                               DEFENDANTS

## MEMORANDUM OPINION

Unrepresented by counsel, Plaintiff Allen Wiley, a prisoner incarcerated at the Kentucky State Penitentiary (KSP), initiated this action by filing a motion for preliminary injunction (DN 1). He did not, however, file a complaint with his motion and also neither paid the filing fee nor filed an application to proceed without prepayment of fees. Accordingly, by Order entered December 17, 2018, the Court directed him to cure the deficiencies in the filing of this action (DN 3). The Court warned Plaintiff that his failure to comply within 30 days from the entry date of the Order would result in dismissal of the action for failure to prosecute and for failure to comply with an Order of this Court. The 30-day period has expired without any response by Plaintiff.

Rule 41(b) of the Federal Rules of Civil Procedure authorizes the involuntary dismissal of an action if a plaintiff fails to prosecute or to comply with an order of the court. *See Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991) ("Fed. R. Civ. P. 41(b) recognizes the power of the district court to enter a *sua sponte* order of dismissal."). "[W]hile *pro se* litigants may be entitled to some latitude when dealing with sophisticated legal issues, acknowledging their lack of formal training, there is no cause for extending this margin to straightforward procedural requirements that a layperson can comprehend as easily as a lawyer." *Id.* "[T]he lenient treatment generally accorded to pro se litigants has limits. Where, for example, a pro se litigant fails to comply with

an easily understood court-imposed deadline, there is no basis for treating that party more generously than a represented litigant." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). Additionally, courts have an inherent power "acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962).

Because Plaintiff failed to comply with a straightforward Order of this Court, despite being warned that dismissal would occur without compliance, the Court concludes that Plaintiff has abandoned any interest in prosecuting this action. Therefore, this action will be dismissed by separate Order.

Date: February 25, 2019

**Thomas B. Russell, Senior Judge**
**United States District Court**

cc: Plaintiff, *pro se*
General Counsel, Justice & Public Safety Cabinet, Office of Legal Counsel
4413.005